Christopher Lattuca, Esq.
STARK | LATTUCA
1239 University Ave., Ste. 3
Rochester, NY 14607
lattuca@starklattuca.com
Tel: (585) 549-3454

Ronnie White Jr., Esq. (*Application for admission pending*)
RWJ ESQ, PLLC
120 E. Washington Street, Ste. 525
Syracuse, NY 13202
rwhite@rwjesq.com
Tel: (315) 217-1876

*Attorney for Defendants*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEWCO CAPITAL GROUP VI LLC<br><br>                         Plaintiff,<br><br>v.<br><br>SDLA COURIER SERVICE, *et al.*<br><br>                         Defendants. | Case No.6: 24-cv-06553-EAW<br><br>Hon. Elizabeth A. Wolford<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED** |

## RESPONSE TO ORDER TO SHOW CAUSE

Defendants SDLA Courier Service, Inc. ("SDLA"), Symbiont Ventures LLC ("Symbiont"), Goodman Investment Holdings, LLC ("GIH"), Extra Mile Logistics LLC ("EML"), and James E. Goodman, Jr. ("Goodman") (each, individually a "Defendant" and collectively, the "Defendants") by and through their undersigned attorney respectfully submit this response to this Court's Order To Show Cause Why This Case Should Not Be Remanded.

## STATEMENT OF FACTS

Plaintiff NewCo Capital Group VI LLC ("Newco" or "Plaintiff") and Defendants entered into a financial transaction purporting to be a merchant cash advance transaction on or about February 29, 2024 (the "MCA Agreement"). The MCA Agreement required that SDLA repay Newco $21,364 per week until Newco receives $705,000.00, in exchange for receiving $475,000 (less any fees) to be paid over a term of 33 weeks.

On or about June 14, 2024, SDLA's other creditors placed a UCC lien on its bank account. Such conduct prevented SDLA from accessing capital to make payments to Newco. Newco knew about the liens and SDLA's inability to pay. In response, on June 17, 2024, Newco filed a complaint in the Supreme Court of the State of New York, County of Monroe (the "Original Lawsuit"). The parties subsequently entered into a settlement agreement (the "Settlement Agreement") on July 2, 2024. Pursuant to the Settlement Agreement, Newco dismissed the Original Lawsuit shortly thereafter.

On August 5, 2024, SDLA's only customer, Amazon, Inc. ("Amazon"), terminated its contract with SDLA.As such, SDLA no longer had any reasonable expectation for future receivables. In addition, other creditors had once again placed liens on SDLA's bank account and on its account with Amazon. As a result, SDLA had no access to capital. On August 21,

2024, SDLA issued a document entitled Notice of No Future Receivables indicating that SDLA had no access to money and no longer had any expectation of future receivables. Plaintiff filed a subsequent lawsuit on August 20, 2024, in the Supreme Court of the State of New York, County of Monroe alleging a breach of the Settlement Agreement. On September 20, 2024, Defendants removed the case from the Supreme Court of Monroe County to the United States District Court, Northern District of New York. The Northern District of New York subsequently transferred the case to the Western District of New York.

Plaintiffs filed a motion to dismiss on October 20, 2024. Upon reviewing the filings, the Court determined that diversity allegations on the face of the complaint were insufficient. On October 24, 2024 this Court ordered Defendants to Show Cause Why this case should not be remanded by November 7, 2024.

**ARGUMENT**

**I.  Defendants Have a Good-Faith Basis for Asserting Diversity Jurisdiction and are not Citizens of New York.**

Under 28 U.S.C. § 1441(a), a defendant "may remove a case from a state court to federal court if the district court has original jurisdiction over the action." *ICON MW, LLC v. Hofmeister*, 950 F. Supp.2d 544, 545 (2d Cir. 2013). A complaint may be removed from state court, "even if the complaint has pleaded only state law claims." *Grimo v. BlueCross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994).

Under 28 U.S.C. § 1441(b)(2) a civil action based on diversity jurisdiction may not be removed if "defendants are a citizen of the State in which such action is brought." In such instances, however, "the defendant bears the burden of demonstrating the propriety of removal." *Grimo*, 34 F.3d at 151.

Diversity is present where an action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity lacks where any party to the action is a citizen of the same state. *ICON*, 950 F.Supp.2d at 545 (*citing Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 388 (1998)). For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and its principal place of business. *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 695 F.3d 42, 49 (2d Cir. 2012) (*quoting* 28 U.SC. § 1332(c)). A limited liability company, on the other hand, takes the citizenship of its members. *Id.* (*citing, Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000)).

### A. Defendants are Not Citizens of New York.

Goodman is a resident of Texas. *See* Goodman Dec. ¶4. Goodman Investment Holdings, LLC, a Texas limited liability company, changed its name to Symbiont Ventures, LLC pursuant to a Certificate of Amendment filed on October 26, 2023, with the Office of the Secretary of State of Texas. *See* Goodman Dec. ¶6, Exhibit A. Goodman owns 90% of Symbiont. Goodman Dec. ¶8. Network Investments, LLC owns the remaining 10% of Symbiont's membership interests. Goodman Dec. ¶9. Network Investments, LLC is a member-managed South Dakota limited liability company, whose sole member is an individual who is residing in the State of South Dakota. *See* Goodman Dec. ¶¶10-11. Symbiont is the sole shareholder of EML. *See* Goodman Dec. ¶12. SDLA is a corporation incorporated under the laws of the State of California and with a principal place of business in California. *See* Goodman Dec. ¶13.

Thus, Defendants are citizens of the following states: (1) Goodman is a citizen of Texas; (2) GIH and Symbiont are the same entity; (3) Symbiont is a citizen of South Dakota and Texas; (4) EML is a citizen of South Dakota and Texas; and (4) SDLA is a citizen of California.

Therefore, Defendants are permitted to remove the complaint from state court pursuant to 28 U.S.C. § 1441(b) because they are not citizens of the State of New York.

**B.     There are no Public Records Revealing the Identify of Plaintiff's Members.**

Plaintiff is a New York limited liability company with a principal place of business in New York. *See* Request for Judicial Notice **Exhibit A**. Plaintiff also appears to be a subsidiary of Newco Capital Group ("NCG"), an alternative finance company specializing in providing merchant cash advances.

New York does not require the publication of members with the Department of State. New York only requires that "a signed articles of organization…be delivered to the department of state." Ltd. Liab. Co. § 209. Further, the Department of State's only obligation is to "determine[e] that the form has been completed." *Id*.

Thus, there is no reasonable method for Defendants to ascertain the composition or the citizenship of the members of Plaintiff – especially where a state form does not require such information.

Substantively, Defendants contend that Plaintiff wants to conceal the identity of its members. Since 2020 NCG entities, including Plaintiff, have filed over 2,500 lawsuits in the State of New York. *See* Request for Judicial Notice **Exhibit B**. Defendants contend that each of these lawsuits present an indicium of evidence of racketeering activity related to collecting unlawful debt. Moreover, nearly all these filings are on the same form and filed by the same attorney, which also include the same form and attorney in this case.

Defendants maintain that Plaintiffs are taking advantage of "loopholes", in bad faith, with an intent to abuse the judicial system of the State of New York. Defendants further contend that Plaintiff wants to hide its members to insulate them from Newco's unlawful conduct.

### C. Defendants Have Established that Diversity Exists Based on a Preponderance of Evidence.

There is no clear standard for determining a defendant's burden of proof when seeking removal based on diversity jurisdiction.

On the one hand, courts in the Second Circuit agree that the defendant retains the burden of establishing the requirements of diversity jurisdiction – but no cases define the burden of proof required to meet the threshold. *See*, *Barnes v. Fort Hamilton Family Homes*, 524 F.Supp.3d 40, 42 (E.D.N.Y. 2021) ("[D]efendant bears the burden of establishing the requirements of jurisdiction"); *ICON*, 950 F.Supp.2d at 544 ("The removing defendant has the burden of establishing that removal is proper."); *Atanasio v. O'Neill*, 235 F.Supp.3d 422, 424 (E.D.N.Y 2017) (*quoting Cal. Pub. Empls. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("The party seeking removal 'bears the burden of demonstrating the propriety of removal'").

On the other hand, the Second Circuit has also held that it is "well-settled" that a "defendant has no independent duty to investigate whether a case is removable." *Intelligen Power Systems, LLC v. dVentus Technologies LLC*, 73 F.Supp.3d 378, 381 (E.D.N.Y. 2014) (*citing Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)("A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement for the grounds of removal.")(internal quotations and punctuation omitted). Further, the Second Circuit has stated that a defendant need not "look beyond the initial pleading for facts giving rise to removability." *Intelligen*, 73 F.Supp.3d. at 381 (*quoting Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010)).

A defendant seeking removal based on diversity jurisdiction cannot have "no independent duty to investigate removability" and also have a high burden of proof to establish diversity. This is neither logical nor practical.

6

Here, the Complaint alleges that "[P]laintiff is a New York Limited Liability Company [sic]" and that it "was and is authorized to do business in the State of New York." Complaint ¶¶1 – 2. These factual allegations are sufficient to support removability with "a reasonable amount of intelligence." Thus, a defendant's showing of its own citizenship, without any independent investigation of a plaintiff's citizenship based on facts alleged in the complaint, should be sufficient to meet the burden of proof required for removal based on diversity jurisdiction.

Moreover, where, as here, Defendants have independently investigated Plaintiff's public records in good faith and can find no public records of Plaintiff's members, Defendants should not be penalized. Defendants have also shown by a preponderance of the evidence that the citizenship of each Defendant is different from Plaintiff and reasonably assert a basis for diversity jurisdiction.

## CONCLUSION

Therefore, Defendants respectfully request that the Court retain jurisdiction and not remand this case to the Supreme Court of the State of New York, County of Monroe.

Dated: November 7, 2024
      Rochester, NY

STARK | LATTUCA

By: *s/ Christopher Lattuca*
Christopher Lattuca, Esq.
STARK | LATTUCA
1239 University Avenue, Suite 3
Rochester, NY 14607
(585) 549-3454

Ronnie White Jr., Esq. (*Application for admission forthcoming*)
RWJ ESQ, PLLC
120 E. Washington Street, Suite 525
Syracuse, NY 13202
rwhitejr@rwjesq.com
Tel: (315) 217-1876

**Certificate of Service**

I hereby certify that on November 7, 2024, I caused the foregoing Memorandum of Law in Support of Defendants' Response to this Courts Order to Show Cause why this Case Should not be Remanded to be served on all counsel of record via the CM/ECF System.

*s/ Christopher Lattuca*
Christopher Lattuca, Esq.
