UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X - -
NEWCO CAPITAL GROUP VI LLC,

                          Plaintiff,              Docket No.: 6:24-cv-06553

- against -

SDLA COURIER SERVICE, INC DBA SDLA COURIER
SERVICE; SDLA COURIER SERVICE INC; SDLA
COURIER SERVICE, INC; SDLA COURIER SERVICE
INC; GOODMAN INVESTMENT HOLDINGS LLC;
EXTRA MILE LOGISTICS, LLC AND JAMES ELMER
GOODMAN,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                          Defendants
                                          X

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDNATS SUBMISSION**

**BERKOVITCH & BOUSKILA PLLC**
Ariel Bouskila, Esq.
1545 Route 202 Suite
101 Pomona, NY
10970
Tel.: 212-729-1477
Email: ari@bblawpllc.com

*Counsel for Plaintiff*

1

# Table of Contents

PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDNATS SUBMISSION ............................................................................................................. 1

PRELIMINARY STATEMENT ................................................................................... 3

ARGUMENT .................................................................................................................. 3

I.   PLAINTIFF'S RESIDENCE ............................................................................ 4

II.  REMOVAL WAS NOT TIMELY .................................................................... 4

III. THE COURT MUST REMAND THIS MATTER BECAUSE REMOVAL WAS PROCEDURALLY DEFECTIVE. ............................................................... 5

   A.  Defendants Cannot Remove This Matter from The Supreme Court of The State of New York, County of Monroe, to the Northern District of New York...... 5

CONCLUSION ............................................................................................................... 7

## **PRELIMINARY STATEMENT**

Plaintiff respectfully submits this Memorandum of Law in response to Defendants memorandum in law in response to the Court's Order to Show Cause. Plaintiff posits, that although there may be diversity jurisdiction, this matter should still be remanded to the State Court insofar as the Notice of Removal was not timely and even if timely was not proper.

Plaintiff initially filed this action in the New York State Supreme Court but Defendants removed it to this federal court pursuant to a Notice of Removal.

## **ARGUMENT**

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter [over a removed case], the case shall be remanded." Defendants assert two bases upon which they believe that this Court has jurisdiction over the State Court Action: (1) Diversity Jurisdiction pursuant to 28 U.S.C. 1441(b); and (2) Supplement jurisdiction pursuant to 28 U.S.C. 1367.

It has long been held that "a district court must remand [an] action to state court if it determines that it lacks subject matter jurisdiction." *McGrath v. Indus. Waste Techs.*, No. 20-CV-2858 (KPF), 2021 U.S. Dist. LEXIS 36480, 2021 WL 791537, at *4 (S.D.N.Y. Feb. 26, 2021) (quoting *Qader v. Citibank*, 927 F. Supp. 2d 86, 87 (S.D.N.Y. 2013)). Due to the "congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the

independence of state governments federal courts construe the removal statute narrowly, resolving any doubts against removability." *Id.* (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)).

### I.   PLAINTIFF'S RESIDENCE

As set forth in the accompanying Disclosure Statement pursuant to Rule 7.1, Plaintiff's members are citizens of New York, Florida, and Puerto Rico. If Defendants are correct in their assertion that they are residents of both California and Texas, then Plaintiff does not dispute the existence of diversity between the Parties.

However, for the foregoing reasons, despite the existence of diversity jurisdiction, the Court should remand the action to the Supreme Court beucase there are fatal issues with the Notice of Removal.

### II.   REMOVAL WAS NOT TIMELY

"No matter the grounds for removal, however, a notice of removal must follow the timeliness requirements Congress set forth in 28 U.S.C. § 1446. Section 1446(b)(1) governs removal following receipt of an initial pleading. Generally, a defendant has up to 30 days from receipt of an initial pleading to file a notice of removal. 28 U.S.C. § 1446(b)(1)." *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 146 (2d Cir. 2023). If the notice of removal was not timely, the case must be remanded. 28 U.S.C. 1447. Thus in this instance, the Defendants were required to serve their notice of removal with thirty days of the service of the summons and complaint.

Service in this action was completed, via delivery to Defendants counsel, on August 20, 2024. Thirty days from August 20, 2024 is September 19, 2024. The Notice of removal was filed on September 20, 2024-one day late.

In numerous cases where the notice of removal is filed, even one day late, courts have ruled that remand was appropriate insofar as the court lacked jurisdiction to hear the matter. *See Hua Zao Yang v Elrac, Inc.* 2004 US Dist. Lexis 1668 (SDNY 2004) *see also Persad v Global Cos., LLC*, 2013 US Dist Lexis 119520 (EDNY 2013),

Accordingly, the notice of removal was filed one day late and as such is improper, and the matter must be remanded.

### III. THE COURT MUST REMAND THIS MATTER BECAUSE REMOVAL WAS PROCEDURALLY DEFECTIVE.

"Removal jurisdiction must be strictly construed, both because federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Frontier Ins. Co. v. MTN Owner Trust*, 111 F.Supp.2d 376 (S.D.N.Y. 2000) (*quoting Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). "All Doubt should be resolved in favor of remand." *Id.* at 379. "Removal jurisdiction, moreover, is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum." *Frontier Ins.*, *supra*, 111 F.Supp.2d at 378 (*citing Caterpillar v. Williams*, 482 U.S. 386, 391-92 (1987). The removing party bears the burden of establishing the propriety of the removal. *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y. 1996).

#### A. Defendants Cannot Remove This Matter from The Supreme Court of The State of New York, County of Monroe, to the Northern District of New York.

The Court must remand this matter to state court because removal to the Northern District of New York was defective under 28 U.S.C. §1441(a).

The statute provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

5

United States for the **_district and division_** embracing the place where such action is pending." (emphasis added).

Where a party removes a case to an improper district, the remedy is to remand the proceeding back to state court. "There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated district court for the district and division embracing the place where the state court action was pending". See *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531 (6th Cir. 2002). Where a party removes a case to an improper district, the remedy is to remand the proceeding back to state court. "The statute is clear and specific as to which district removal may be made. A failure to do so is a substantial defect in removal procedure whether or not it also constitutes a jurisdictional or venue defect. District courts can and should police the situation by remanding cases brought in the wrong district. To do otherwise might encourage litigants to forum shop in order to gain an advantage over plaintiff and disregard plaintiff's choice of forum." *Addison v. N.C. Dep't of Crime & Pub. Safety*, 851 F. Supp. 214, 218 (M.D.N.C. 1994), *see also, Maysey v. CraveOnline Media, Ltd. Liab. Co.*, 2009 U.S. Dist. LEXIS 109338 *4 (D. Ariz. Nov. 4, 2009).

The District Courts in New York have similarly ruled. Where a matter was removed to a federal district separate and distinct from the district in which the matter was pending, the Southern District ruled that the proper remedy was to remand the action to state court. *See Mathieu v Cazi*, 2023 US Dist. Lexis 179770 (SDNY 2023).

Numerous cases, almost too many to cite, have consistently held that where removal is improper, for whatever reason, the **_only_** appropriate remedy is remand. *See gen. Newco Fam. LLC Haider*, 2023 US Dist. LEXIS 188071 (SDNY 2023); *Garcon v. Montefiore Med. Ctr.*, 2021 U.S. Dist. LEXIS 266074 (SDNY 2021).

In this action, the matter was pending in Monroe County Supreme Court. Monroe County

is situated in *Western* District of New York. However, the Defendnats improperly attempted to remove the matter to the Northern District.[1] Accordingly, the removal was improper. There is no legal basis upon which the defendants could remove the case from Rockland County to the Eastern District.

Accordingly, it is respectfully requested that the Court should issue an order remanding this matter to State Court.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the matter be remanded to the state court.

Dated: December 18, 2024                              **BERKOVITCH & BOUSKILA PLLC**
                                                      *Counsel for Plaintiff*

                                                      *Ariel Bouskila*
                                                      Ariel Bouskila, Esq.
                                                      1545 Route 202 Suite 101
                                                      Pomona, NY 10970
                                                      T: 212-729-1477
                                                      Email: ari@bblawpllc.com

---

[1] Although the court *sua sponte* transferred the case to the western district, as discussed above, the only appropriate outcome in this situation is to remand the case to the State Court.

7