UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NEWCO CAPITAL GROUP VI LLC,

                            Plaintiff,

vs.

SDLA COURIER SERVICE, INC., *et al.*

                           Defendants.

DECISION AND ORDER

24-CV-6553-MAV

---

       This matter is presently before the Court to resolve the issues raised in an order to show cause issued by Hon. Chief Judge Elizabeth A. Wolford on October 24, 2024. ECF No. 7. The order found that the diversity allegations of Defendants SDLA Courier Service, Inc., Goodman Investment Holdings, LLC, Extra Mile Logistics LLC, and James Elmer Goodman, Jr. (collectively, "Defendants") were insufficient, and directed them to show cause why the case should not be remanded to state court. *Id.* Upon Defendants' satisfactory showing of diversity between the parties, Plaintiff Newco Capital Group VI LLC ("Newco") argued that the matter should nevertheless be remanded to state court because Defendants' removal was untimely and procedurally improper. ECF No. 11. For the reasons that follow, the Court declines to remand the matter at this time.

## BACKGROUND

       On August 20, 2024, Newco filed a complaint in Monroe County Supreme Court alleging breach of contract against Defendants. ECF No. 1-1. On September 20, 2024, Defendants filed a notice of removal in the Northern District of New York. ECF No.

1. On September 23, 2024, United States Magistrate Judge Mitchell J. Katz noted that the Court had been advised that the matter was filed in the incorrect district, and transferred the matter to the Western District of New York. ECF No. 3.

On October 23, 2024, Defendants filed a motion to dismiss Plaintiff's complaint for both failure to state a claim and lack of jurisdiction. ECF No. 6. After reviewing the parties' papers, Judge Wolford issued an order directing Defendants to show cause "why this case should not be remanded to Monroe County Supreme Court, including by providing the members of each LLC and the citizenship of those members." ECF No. 7. She also noted that Defendants had failed to file two of the documents required by Rule 81(a) of the Local Rules of Civil Procedure: an index identifying each document filed and/or served in the state action, and an affidavit or certification that they have provided all other parties with the notice of removal and attachments filed with this Court. *Id.* Judge Wolford stated that briefing on the motion to dismiss would be held in abeyance until the order to show cause was resolved, and noted that if the Court was satisfied that diversity jurisdiction exists, Defendants would be required to re-file a "clean" copy of their motion to dismiss papers that did not contain "internal commentary among defense counsel." *Id.*

On November 7, 2024, Defendants filed a memorandum in support of diversity jurisdiction supported by several exhibits. ECF Nos. 8 through 8-9. The exhibits demonstrated that Defendant James Elmer Goodman, Jr. is a resident of Texas; Defendant Goodman Investment Holdings, LLC is a Texas limited liability company

owned entirely by Goodman and another LLC whose sole member is a resident of South Dakota; and Defendant SDLA is a corporation incorporated under the laws of California with its principal place of business in California. ECF No. 8 at 4; ECF Nos. 8-2 through 8-9. Defendants also pointed out that Plaintiff Newco is a New York limited liability company with its principal place of business in New York, and that there are no public records establishing the identity or residency of any of Newco's members. ECF No. 8 at 5. Accordingly, Defendants argued that they had demonstrated complete diversity between the parties as required by 28 U.S.C. § 1332(a)(1) and (c). *Id.* at 6–7.

On December 9, 2024, Judge Wolford directed Newco to respond to Defendants' memorandum, and directed Defendants – again – to file the necessary documents to comply with Local Rule 81(a). ECF No. 9. On December 18, 2024 Newco responded to Defendants' memorandum. ECF No. 11. While Newco conceded that Defendants have demonstrated the existence of diversity jurisdiction, they argued that the case should nevertheless be remanded because Defendants' removal was procedurally defective. ECF No. 11 at 4–7. Defendants have not responded to Newco's arguments or filed the requisite documents under Local Rule 81(a).

## LEGAL STANDARD

Under 28 U.S.C. § 1441, "a state-court defendant may remove a civil action to federal court if the action could have been filed in federal court in the first place." *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 60 (2d Cir. 2023).

Defendants removed the present action under 28 U.S.C. § 1441(b), which allows for removal based on diversity of citizenship under 28 U.S.C. § 1332. Section 1332 "requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir.), *as amended* (Nov. 12, 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Van Wade v. Nitti*, 720 F. Supp. 3d 219, 229 (W.D.N.Y. 2024) (citing *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001)).

As relevant to the present case, the removal statute also requires that "defendants desiring to remove any civil action from a State court shall file *in the district court of the United States for the district and division within which such action is pending* a notice of removal . . . ." 28 U.S.C. § 1446(a) (emphasis added). Further, § 1446(b)(1) provides in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *See Polito v. Hanover Ins. Grp., Inc.*, No. 18-CV-6332 CJS, 2018 WL 3598873, at *4 (W.D.N.Y. July 27, 2018). Lastly, Rule 81(a) of the Local Rules of Civil Procedure requires the party removing a civil action from state court to submit a completed civil cover sheet, pay the requisite filing fee, and file their notice of removal along with: an index identifying

each document filed and/or served in the state court action; each document filed and served in the state court action; and an affidavit or certification that he or she has served all other parties in the action with the notice of removal and attachments being filed in this Court.

## DISCUSSION

At the outset, the Court notes its agreement with Newco that Defendants have satisfied the requirements to demonstrate the Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). For purposes of diversity jurisdiction, a person's citizenship is based upon his domicile, an LLC is deemed to be a citizen of each state of which its members are citizens, and a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See 250 Lake Ave. Assocs., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 338–41 (W.D.N.Y. 2017) (citing, *inter alia*, 28 U.S.C. § 1332(c)). After reviewing Defendants' response to Judge Wolford's order to show cause, the Court finds Defendants have shown complete diversity between the parties; i.e., that "each plaintiff's citizenship [is] different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

Yet despite this showing of complete diversity, Newco contends that remand is still warranted because the removal by Defendants was procedurally defective in two respects: first, it was untimely; and second, Defendants originally removed the case to the wrong district court (i.e., the Northern District). Because neither of these

defects relate to the Court's subject matter jurisdiction, and they were not raised "within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)" as required by 28 U.S.C. § 1447(c), Newco's objections were waived. *Orange Cnty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 49–50 (2d Cir. 2009) ("when a removal statute is not the source of subject matter jurisdiction, improper removal under that statute does not amount to a deficiency in subject matter jurisdiction. An objection based on such an improper removal could therefore be waived unless raised within thirty days . . . .").

Here, removal to the wrong district did not deprive the Court of subject matter jurisdiction. *See In re Tafari,* No. 1:12-MC-0042 (GTS), 2019 WL 718555, at *2 (N.D.N.Y. Jan. 30, 2019) (citing *Orange Cty. Water Dist.*, 584 F.3d at 49–50). The Court therefore elects to treat Defendants' removal of the action to the wrong district as a defect "akin to an improper venue situation" which may be remedied under § 1406(a) by transferring the action to the proper district. *See Lee-Jordan v. Allstate Indem. Co.*, No. 118CV761MADDJS, 2018 WL 11224602, at *1 (N.D.N.Y. July 25, 2018); *St. Paul Fire & Marine Ins., Co. v. Architron Designers & Builders, Inc.,* No. 05-CV-1872 SJFRER, 2007 WL 757910, at *1 (E.D.N.Y. Mar. 8, 2007)*; MBL Life Assur. Corp. v. Lampert Plans, Inc.*, No. 96 CIV. 3832 (JFK), 1996 WL 494900, at *1 (S.D.N.Y. Aug. 30, 1996) (citing *Mortensen v. Wheel Horse Prods., Inc.*, 772 F. Supp. 85, 89 (N.D.N.Y. 1991)); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994)).

Further, Defendants' notice of removal does not appear to have been untimely. As noted above, 28 U.S.C. § 1446(b)(1) requires that a defendant's notice of removal of a civil action be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Newco filed its complaint on August 20, 2024. ECF No. 1-1. The company attached an affirmation of service to the complaint, indicating that the summons and complaint had been served on Defendants via email that same day, pursuant to a previous settlement agreement. *Id.* The thirty-day period for filing the notice of removal, therefore, began to run on August 21, 2024. *See* Fed. R. Civ. P. 6(a)(1)(A) (". . . exclude the day of the event that triggers the period . . ."); *see also Persad v. Glob. Companies LLC*, No. 13-CV-3187 SLT VMS, 2013 WL 4507076, at *4 (E.D.N.Y. Aug. 22, 2013). Defendants filed their notice of removal on September 20, 2024, the thirtieth day. ECF No. 1; *see also* Fed. R. Civ. P. 6(a)(1)(C) (". . . include the last day of the period. . .").

In short, the Court finds that Newco's procedural objections to removal were waived when they did not file a motion to remand within 30 days of the notice of removal. Further, even if the objections were not waived, neither of the procedural defects identified warrant remand to state court at this time.

## CONCLUSION

Accordingly, it is hereby,

ORDERED that Plaintiff Newco Capital Group VI LLC's request that this case be remanded to the Monroe County Supreme Court is DENIED; and it is further

ORDERED that on or before August 4, 2025, Defendants file a clean version of their memorandum of law supporting their motion to dismiss pursuant to Judge Wolford's order of October 24, 2024 [ECF No. 7]; and it is further

ORDERED that on or before August 4, 2025, Defendants bring themselves into full compliance with Rule 81(a) of the Local Rules of Civil Procedure by filing an index identifying each document filed and/or served in the state court action, and an affidavit or certification that they have provided all other parties in the action with the notice of removal and attachments being filed with this Court; and it is further

ORDERED that Plaintiff's response to Defendants' motion to dismiss is due on or before August 25, 2025.

SO ORDERED.

Dated:    July 29, 2025
         Rochester, New York

ENTER:

HON. MEREDITH A VACCA
United States District Judge